**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEROY HENDERSON, | § | |
| (TDCJ #834622) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-1988 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Leroy Henderson, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. (Docket Entry No. 1). He has also filed a memorandum of law in support of claims. (Docket Entry No. 2). After considering all of the pleadings, and the applicable law, the Court dismisses this case because Henderson does not have the necessary permission to file it, meaning that this Court has no jurisdiction. The reasons are explained below.

## I.    Background

Henderson is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 1998 convictions in Harris County Cause Numbers 763935 and 763936. Following a joint trial, a jury convicted Henderson of committing aggravated sexual assault of a child and sexual assault of a child. On June 25, 1998, the trial court sentenced him to concurrent 50-year and 20-year prison terms. The Fourteenth Court of Appeals of Texas affirmed Henderson's convictions on direct appeal. *Henderson v. State*,

Nos. 14–98–00763–CR & 14–98–00764–CR, 2000 WL 232013 (Tex. App.—Houston [14th Dist.] 2000, pet. granted). Henderson's petitions for discretionary review were initially granted on October 4, 2000; however, they were subsequently dismissed, as improvidently granted, on May 1, 2002. *See Henderson v. State*, P.D.R. Nos. 1125-00 & 1126-00. The Court of Criminal Appeals denied Henderson's motions for rehearing. He did not petition the United States Supreme Court for a writ of certiorari.

Henderson has filed sixteen applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, all of which were denied or dismissed by the Texas Court of Criminal Appeals. *See Ex parte Henderson*, Application Nos. WR-56,883-01 through -11; WR-56,883-13 through -15; WR-56,883-17 through -18.

In a federal habeas corpus petition dated June 14, 2018, Henderson contends that he is entitled to relief because the State engaged in prosecutorial misconduct by failing to disclose exculpatory evidence of a rape kit test. (Docket Entry No. 1, at 6). A review of public court records for this Court and the Fifth Circuit Court of Appeals reveals that Henderson has previously filed numerous unsuccessful § 2254 habeas petitions and motions for authorization to file successive habeas petitions challenging the same 1998 convictions for aggravated sexual assault of a child and sexual assault of a child. *See Henderson v. Stephens*, Civil No. 4:14-cv-0952 (S.D. Tex. April 21, 2014), and the prior cases referenced therein.

## II. Discussion

The pending petition Henderson filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, this Court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Henderson fails to demonstrate why he could not have raised the claims he raises here in an earlier federal habeas petition. The pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own motion. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Henderson must seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need

for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, this Court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Henderson stated a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DISMISSED** without prejudice, for lack of jurisdiction as an unauthorized successive application.

2. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ JUN 1 9 2018 _____

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE